JANE B. STRANCH, Circuit Judge,
concurring in part and dissenting in part.
I fully concur in the majority’s decision to reverse and remand for an award of disability benefits to Gaylon Hayden due to her mental disability. The record leads me to conclude, however, that Hayden met the definition of disability under the Plan in January 2010 because she demonstrated she is disabled by “sickness” from performing her own or any occupation. Because I would reverse and remand for a *610 full award of disability benefits under the terms of the Plan, I respectfully dissent.
The majority recognizes, as I do, that Hayden suffers from a number of serious medical conditions. The Plan provides disability benefits to a covered person who is disabled due to “sickness” from performing the material and substantial duties of her own occupation for a defined period and from 'performing the duties of any occupation thereafter. ' The Plan defines “sickness” as “illness, disease, pregnancy or complications of pregnancy.” The terms “sickness,” “illness,” and “disease” can describe one single medical condition or multiple medical conditions. Because Hayden suffers from chronic illness that is comprised of multiple physical and mental ailments, Liberty Mutual and this court are required by our precedents to evaluate the integrated or cumulative nature and severity of Hayden’s entire illness.
In Javery v. Lucent Technologies, Inc. Long Term Disability Plan for Management or LBA Employees, 741 F.3d 686, 690-97 (6th Cir.2014), the claimant suffered from several different physical and mental conditions. The Plan provided benefits if the claimant was “ ‘prevented by reason of ... disability ... from engaging in [his] occupation or employment at the Company.’” Id. at 701. The disposi-tive inquiry, the court explained, was whether the plaintiff was unable to work “due to his physical condition, his mental condition, or a combination of the two.” Id. (footnote omitted). The court reversed and remanded for an award of disability benefits because the medical evidence submitted by the treating physicians and therapists established that the claimant was unable to work “due to a combination of his physical and mental conditions.” Id. at 702.
In Kalish v. Liberty Mutual/Liberty Life Assurance Co. of Boston, 419 F.3d 501, 510 (6th Cir.2005), this court reversed for an award of disability benefits where the district court and the parties “treated the diagnosis of depression as distinct from the diagnosis of the heart condition.” The Plan provided for benefits if Kalish was “ ‘unable to perform all of the material and substantial duties of his occupation on an Active Employment Basis because of an Injury or Sickness.’ ” Id. at 503, 509. The court pointed to a physician’s conclusion that “Kalish was unable to return to work after considering Kalish’s overall physical and mental health, which included an analysis of the interrelated effects of the heart condition and the depression.” Id. The court rejected Liberty Mutual’s reliance on a physician’s report that did not “discuss Kalish’s depression or acknowledge the connection between the two ailments.” Id.
The majority opinion acknowledges the interrelatedness of Hayden’s physical and mental conditions when it states that “Dr. Bassi’s chart notes unequivocally conclude that her anxiety and depression were exacerbated by her rapidly deteriorating health,” and “Hayden reported to Dr. Muehleman that ‘what keeps her from working now is she is overwhelmed with sickness and has many diseases.’ ” Maj. Op. at 608. Yet, just as Liberty Mutual did, the majority breaks Hayden’s sickness into separate physical ailments in order to determine whether, during the elimination period, the medical evidence supported a finding of disability as to each separate physical condition. Then the majority makes an additional division by separately evaluating her mental condition without regard to her co-existing physical problems. This approach precludes a comprehensive consideration of Hayden’s eo-mor-bid conditions as described by her treating physicians and fails to evaluate the whole of her illness to determine if she is entitled to disability benefits based on her physical condition, her mental condition, or a com *611 bination of the two. See Javery, 741 F.3d at 701. Like Javery, Hayden proved that she was entitled to disability benefits based on a combination of her physical conditions and her mental condition. See id. I do not dispute that the Plan clearly limits benefits for a mental disability to a period of 24 months. But that very common Plan provision does not prevent us or Liberty from considering whether Hayden suffers from a qualifying “sickness”— whether physical or a combination of physical and mental — that would entitle her to benefits starting on the first day of claimed disability and extending through and beyond the 24-month period allowed for mental disability benefits only.
Hayden’s true inability to engage in sustained work activity comes clearly into focus if we treat her all of her physical and mental impairments in combination as one “sickness” as that term is defined under the Plan. Accordingly, I would reverse and remand for an award of disability benefits that is consistent with the terms of the Plan and that is not limited by the 24-month cap for mental disability benefits.